## Elias *v.* Lancaster City, Appellant.

*Negligence—Evidence—Precaution after accident.*

Evidence of precaution taken after an accident is inadmissible as tending in itself to prove prior negligence.

*Negligence—Municipalities—Defective gutter cover.*

In an action against a city to recover damages for personal injuries the case is for the jury where the evidence tends to show that the plaintiff was injured by the slipping of an iron plate or bridge over a gutter when he was passing over it, and that there was no fastening to prevent the plate from slipping from the curb against which or on which it rested.

Argued May 20, 1902. Appeal, No. 61, Jan. T., 1902, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1899, No. 4, on verdict for plaintiff, in case of Harry C. Elias, v. Lancaster City. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before LIVINGSTON, P. J.

At the trial it appeared that on April 24, 1898, plaintiff while crossing a street in the city of Lancaster stepped on an iron plate or bridge over a gutter ; that the plate slipped under his weight thereby throwing him, and that there was no fastening to prevent the plate from slipping from the curb against which or on which it rested.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant; (6) refusal of point quoted in the opinion of the Supreme Court.

*Charles R. Kline* and *E. M. Gilbert*, for appellant.

*W. U. Hensel*, for appellee.

OPINION BY MR. JUSTICE FELL, October 13, 1902:

The defendant was charged with negligence in not having properly secured in the position in which it was placed an iron plate that covered a gutter at a street crossing. After the accident that resulted in injury to the plaintiff, the plate was fastened to the granite heading of the crossing by means of iron pins. The court was asked to charge that "no prior negligence on the part of the defendant can be presumed from the fact that the plate was fastened after the accident." The refusal of this point raises the question whether evidence of precaution taken after an accident is admissible as tending in itself to prove prior negligence. The ruling of the court on this question was warranted by our decisions as they then stood. Since the trial we have decided in Baran v. Reading Iron Co., 202 Pa. 274, that such testimony is not admissible. The sixth specification of error is therefore sustained. The eighth, intended to raise the same question, is defective, as the testimony objected to is not quoted.

The remaining specifications need not be considered in detail. The case could not properly be withdrawn from the jury. The objection that the jury was in effect instructed that the officers of the city were negligent in not fastening the plate with pins when it was first put down, finds some support in the answers to points and in the general charge. The negligence in this respect was not so manifest that it could have been declared as matter of law. The instructions complained of are not free from criticism, but as the question of negligence was submitted to the jury, they are not grounds for reversal.

The judgment is reversed with a venire facias de novo.